IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**REGINALD HARRIS, ET AL,**                                                      **PLAINTIFFS**

V.                                    **4:22CV00853 JM**

**BRAD SILAS, ET AL,**                                                           **DEFENDANTS**

## ORDER

This case arises out of the execution of a no-knock warrant by the Little Rock Police Department's SWAT team at the residence located at 1903 S. Izard Street on March 29, 2017. Plaintiffs filed suit against Kenton Buckner, who was the chief of police at the time of the search, the City of Little Rock, and seven Little Rock Police detectives—Brad Silas, Loni Lichti, Russ Littleton, Robert Bell, Matt Nelson, Travis Cumming, and Cedric Nelson (the "Detectives"). The Complaint alleges Fourth Amendment violations in obtaining the no-knock search warrant and in its execution; a *Monell* claim against the City; a § 1983 civil conspiracy claim between Buckner and the Detectives; lack of accommodation under the Americans with Disabilities Act; a single act supervisory claim against Buckner; and Arkansas state law claims of malicious prosecution, false arrest, and intentional infliction of emotional distress.

There are two motions for summary judgment pending, one filed by the City and Buckner, and one filed by the Detectives. The Court finds that the Plaintiffs have abandoned their claims for malicious prosecution, false arrest, and intentional infliction of emotional distress by failing to respond to the Defendants' motion for summary judgment of those claims. Defendants are entitled to summary judgment on these state law claims. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.,* 558 F.3d 731, 735 (8th Cir. 2009). Plaintiffs have also failed to respond to the City's motion for summary judgment of the *Monell* claim, Buckner's challenge to the single act

supervisory claim, and the ADA claim against both the City and Buckner. The Court finds that those claims must also be dismissed.

Summary judgment is appropriate only when the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact, and that the defendant is entitled to entry of judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex*, at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial.

Facts

On March 13, 2017, Detective Brad Silas submitted an affidavit to former Little Rock District Judge Alice Lightle for a "no-knock" search warrant on 1903 S. Izard Street, Little Rock, Arkansas. (Comp. at p. 11; Silas, Aff., ECF No. 29-1 at ¶19). In his affidavit, Silas stated that he was contacted by a reliable confidential informant ("CI") on March 13, 2017. (Aff. for Search Warrant, ECF No. 29-1 at p. 10). The CI claimed that a 40-year-old black male, who was 6'1" in height, was selling marijuana out of the home at that address. *Id.* The CI represented to Silas that he could purchase small quantities of the marijuana. *Id.* Silas explained in the affidavit that he set up a controlled buy of marijuana on the same day. *Id.* at p. 10-11. Silas stated that he knew that CI was reliable based upon the CI's previous record in cases that resulted in arrests and convictions. (Silas Aff., ECF No. 29-1 at ¶8; p. 12).

Silas stated that he and Detective Russ Littleton met with the CI at a pre-arranged location. Silas thoroughly searched the CI to ensure the CI did not have any money, weapons, or contraband such as illegal narcotics. *Id.* at ¶10; p. 11; Littleton Aff., ECF No. 29-2 at ¶4-5. Silas gave the CI $100 to make the buy. *Id.* at ¶6; p. 11. In an undercover vehicle, Silas and Littleton

followed the CI to 1903 S. Izard Street. *Id.* at ¶7; p. 11. The detectives observed the CI walk to the backyard of 1903 South Izard Street. *Id.* at ¶8; p. 11. After approximately five minutes, Silas and Littleton observed the CI exit the backyard of the residence. *Id.* at ¶9; p. 11. They followed the CI to a predetermined location in their undercover vehicle where the CI handed Silas a baggie of marijuana. *Id*. at ¶10; p. 11. The CI told Silas and Littleton that he knocked on the back door of 1903 South Izard Street, asked the described individual for a $100 amount of marijuana, the individual came out of the residence with a baggie of marijuana and exchanged the baggie for $100. The CI then left the residence. *Id.* at ¶11; p. 11-12. Littleton searched the CI again to ensure he did not have any hidden money or contraband. *Id.* at ¶11; p. 12.

      In the affidavit, Silas stated that during his fourteen years with the LRPD and two months on the Narcotics Detail he had participated in the execution of numerous search and seizure warrants, the majority of which involved dynamic entries into residences "whereby the element of surprise was utilized to prevent the destruction of evidence sought and to provide a greater degree of safety for both the executing officers and individuals present at the location where the warrant was being executed." (Aff., ECF No. 29-10 at ¶4; ECF No. 29-1 at p. 12). Silas also stated that "based on his experience that individuals dealing in illicit narcotics have access to firearms and will readily arm themselves to protect this contraband" and that executing the warrant without the knock-and-announce requirement "would greatly reduce the risk to and increase the safety of the executing officers and occupants . . .and the likelihood of the evidence sought being disposed of or destroyed would also be greatly diminished." *Id.*

      On March 13, 2017, Judge Lightle issued the search warrant, which excluded the knock-and-announce requirement for the residence located at 1903 South Izard Street. (Warrant, ECF No. 29-1 at p. 14-15). Before executing the warrant, Silas and Littleton met with members of the

LRPD SWAT Unit according to LRPD policy. (Silas Aff., ECF No. 29-1 ¶ 29). Plaintiffs, including minors, were in the home at the time the SWAT team executed the no-knock entry on March 29, 2017. The search of the residence yielded marijuana, a metal grinder, a .22 caliber rifle, and multiple rounds of ammunition. (Search Warrant Inv., ECF No. 29-1 at p. 16-17). As a result, Reginald Harris was arrested and charged with possession of marijuana and possession of firearms by certain persons. Harris denies that he sold marijuana to the CI. The charges were eventually *nolle prossed*.

The Detectives' Motion for Summary Judgment

In Count I of the Complaint, Plaintiffs allege Silas and Littleton intentionally misrepresented facts in Silas's search warrant affidavit submitted to Judge Alice Lightle to obtain a no-knock warrant and improperly executed the controlled drug purchase to create probable cause. They allege that the actions of Silas and Littleton were "unnecessary, objectively unreasonable and excessive and were, therefore, in violation of their Fourth and Fourteenth Amendment rights." (Compl., ECF No. 1 at p. 17).

Silas and Littleton seek qualified immunity on the claims that they violated Plaintiffs' Fourth and Fourteenth Amendment rights in obtaining and executing the search warrant. To resolve the issue of qualified immunity, the Court undertakes a two-part inquiry to determine: (1) whether the facts viewed most favorably to the plaintiffs make out a violation of a constitutional right, and (2) whether that right was clearly established at the time of the challenged conduct. *Masters v. City of Indep., Missouri*, 998 F.3d 827, 835 (8th Cir. 2021); *Watson v. Boyd*, 2021 WL 2671317 (8th Cir. June 30, 2021).

1. Obtaining the search warrant

The Fourth Amendment protects an individual's right to be free from unreasonable

4

searches and seizures and provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." *United States v. Koons*, 300 F.3d 985, 990 (8th Cir. 2002); U.S. CONST. Amend. IV.

Although not stated in the Complaint, Plaintiffs contend in the Response to the Detectives' Motion for Summary Judgment that the Detectives did not obtain a search warrant prior to entering the house at 1903 S. Izard.[1] Plaintiffs argue that there are no photos of the search warrant at the house, and they did not see the search warrant. Latasha Maxwell states that when she asked to see the search warrant during the search, a detective told her it was "on the way." (Maxwell Dep., ECF No 44-6 at 39:20-22).

"Although the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

As proof that there was a warrant for the search, Defendants have submitted the affidavit of Tiffany Keene, the Chief Court Clerk of the Little Rock District Court-Criminal Division and custodian of the records of the Criminal Division. (Keene Aff., ECF No. 50-1). Ms. Keene also worked for Judge Lightle during her time on the bench. Ms. Keene searched the archives of the

---

[1] The Complaint states, "On March 13, 2017, Defendant Silas presented his affidavit to Judge Lightle. Based on the information contained in Defendant Silas' affidavit, Judge Lightle issued a warrant… to enter the premises of 1903 S. Izard Street." (Comp., ECF No. 1 at ¶ 51.)

5

court to find the affidavit and search warrant executed in this case dated March 13, 2017. Ms. Keene located the original affidavit and search warrant and included a certified copy of the documents with her affidavit. *Id.* Ms. Keene testified that based on her experience with Judge Lightle, the warrant bears Judge Lightle's signature. *Id; See Davenport v. City of Little Rock*, 2023 WL 4479827, at *1–2 (E.D. Ark. July 11, 2023). Silas testified that he spoke with Judge Lightle by cell phone on March 13, 2017, and discussed his request for the search warrant which he obtained by email the same day. (Silas Dep., ECF No. 44-8 at p. 71, 75, 83-84). Based on these facts, the Court finds that no genuine issue of fact remains regarding the existence of a search warrant for 1903 S. Izard Street on March 13, 2017.

In the alternative, Plaintiffs argue that the Detectives did not have probable cause to support a search warrant. Plaintiffs had a constitutional right to be free from having a warrant issued in the absence of probable cause. That right was clearly established by March of 2017, which leaves the question of whether viewing the evidence in the light most favorable to Plaintiffs, the Detectives are entitled to qualified immunity.

"Probable cause exists, if under the totality of the circumstances, a showing of facts can be made sufficient to create a fair probability that evidence of a crime will be found in the place to be searched." *United States v. Wallace,* 550 F.3d 729, 732 (8th Cir. 2008) (citations and internal quotation marks omitted). "[A] warrant generally confers a 'shield of immunity' to officers acting within the scope of its authority" on the premise that where "a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner." *Kiesling v. Holladay*, 859 F.3d 529, 533 (8th Cir. 2017) (quoting *Messerschmidt v. Millender*, 565 U.S. 535, 546-548 (2012)). A warrant may be invalidated if a police officer deliberately or recklessly makes false statements to demonstrate probable cause for a warrant.

*Franks v. Delaware,* 438 U.S. 154 (1978). To establish a *Franks* violation based on the omission of material facts, a plaintiff must prove: "(1) that facts were omitted with the intent to make, or in reckless disregard of whether they thereby make, the affidavit misleading, and (2) that the affidavit, if supplemented by the omitted information, could not support a finding of probable cause." *Z.J. by & through Jones v. Kansas City Bd. of Police Commissioners*, 931 F.3d 672, 686 (8th Cir. 2019) (quoting *United States v. Box*, 193 F.3d 1032, 1035 (8th Cir. 1999)). The omitted information must be "*clearly critical* to the finding of probable cause." *Hawkins v. Gage Cnty., Neb.*, 759 F.3d 951, 959 (8th Cir. 2014) (quoting *United States v. Reivich,* 793 F.2d 957, 961 (8th Cir. 1986) (emphasis added). Similarly, to establish a *Franks* violation for including false statements, a plaintiff must prove "1) that a false statement knowingly and intentionally, or with reckless disregard to the truth, was included in the affidavit, and 2) that the affidavit's remaining content is insufficient to provide probable cause." *Williams v. City of Alexander, Ark.*, 772 F.3d 1307, 1311 (8th Cir. 2014) (quoting *United States v. Humphreys,* 982 F.2d 254, 259 n. 2 (8th Cir. 1992)).

In the Complaint, Plaintiffs allege that Silas made misrepresentations in the warrant affidavit that should invalidate the warrant. Plaintiff's only evidence of this is that Silas stated in the affidavit that he had been in the narcotic detail for approximately two months, but in his deposition, he stated he had been in the detail for five months. Further, Plaintiffs contend that Silas did not have personal knowledge of the CI's alleged successes as stated in the affidavit. These alleged misrepresentations, however, would not have affected Judge Lightle's determination of probable cause to issue a search warrant in this case.

Plaintiffs contend that Silas and Littleton failed to follow policy as to the use of the CI. The Eighth Circuit has repeatedly held that "police department guidelines and policies do not

create rights that give rise to a § 1983 action." *Christiansen v. Eral*, 52 F4th 377, 379 (8th Cir. 2022) (citing *Cole v. Bone*, 993 F.2d 1328, 1334 (8th Cir. 1993)). Even "knowing violation of department policy doesn't transform [the officers'] action into unconstitutional behavior." *Id.* Plaintiffs allege the officers lost sight of the CI and failed to sufficiently search the CI's socks and underwear. These allegations do not state a constitutional violation or raise a *Franks* violation in this case. The Court finds that Silas and Littleton are entitled to qualified immunity on the claims that they violated Plaintiffs' Fourth and Fourteenth Amendment rights in obtaining the search warrant.

2. Executing the Warrant

Next the Court must determine if Silas and Littleton are entitled to qualified immunity on Plaintiffs' claim that their Fourth and Fourteenth Amendment rights were violated in the execution of the no-knock warrant "despite the lack of a 'high risk' situation and other criteria." (Comp., ECF No. 1 at 18). Specifically, Plaintiffs argue that Silas authorized and executed a dynamic entry into 1903 S. Izard Street using flash bang distraction devices and a heavily armed SWAT team. Plaintiffs contend that the dynamic entry was unwarranted because there was no reason to suspect the Plaintiffs were armed and it was unreasonable because there were young children present at the time. Plaintiffs state that it was clearly established in 2003 that explosive breaching should not be considered for use on "non-fortified entry points unless such use is necessary for the safety of officers and/or hostages." (Pls.' Resp. Mot. For Summ. J., ECF No. 44 at 13-14).

However, there is no evidence that Silas and Littleton participated in the dynamic entry of the house. (Silas Aff., ECF No. 29-1 at ¶ 33). In fact, each Detective has testified by affidavit that they did not participate or control the manner of entry during the search of the home. (Littleton

8

Aff., ECF No. 29-2 at ¶14; Silas Aff., ECF No. 29-1 at ¶29, 33). The Detectives are only responsible under §1983 for their own personal actions. *See Williams v. City of Little Rock*, 2023 WL 1965868 *6 (E.D. Ark. Feb. 13, 2023). "[T]he detectives only violated the Fourth Amendment if their own actions were directly responsible for a deprivation of the plaintiff's rights. They are not automatically responsible for all of the actions of the SWAT team officers." *Id.* (quoting *Z.J. by & through Jones v. Kansas City Bd. Of Police Comm'rs,* 931 F.3d 672, 688 (8th Cir. 2019)). The Court finds that Silas and Littleton are entitled to qualified immunity on Plaintiff's claims of Fourth and Fourteenth Amendment violations during the execution of the search warrant.

In Count II of the Complaint, Plaintiffs make the same allegations regarding the execution of the warrant against Defendant Detectives Bell, Matt Nelson, Cumming, Cedric Nelson, and Lichti. Again, Plaintiffs have provided no evidence that the Detectives were involved in the dynamic entry at Izard Street. (Silas Aff., ECF No. 29-1 at ¶ 33; Bell Aff., ECF No. 29-4 at ¶ 4; M. Nelson Aff., ECF No. 29-5 ¶ 5; Cumming Aff., ECF No. 29-3 at ¶ 5; C. Nelson Aff., ECF No. 29-6 at ¶ 5; Lichti Aff., ECF No. 29-7 at ¶ 5). Therefore, all of the Detectives are entitled to qualified immunity.

3. Civil Conspiracy

Because the Court has found that the Detectives did not violate Plaintiffs' Fourth Amendment rights, the § 1983 claims for civil conspiracy fail. *See Kingsley v. Laurence Cnty.,* 964 F.3d 690, 702 (8th Cir. 2020).

<u>The City and Kenton Buckner's Motion for Summary Judgment</u>[2]

1. <u>Fourth Amendment claims against the City and Buckner in his official capacity.</u>

Under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) and its progeny, a city may be liable under § 1983 for a constitutional violation if the violation resulted from an official municipal policy or an unofficial custom or practice. The official capacity claim against Buckner is treated as a claim against the City. *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007). Before municipal liability can attach, "individual liability first must be found on an underlying substantive claim." *Moore v. City of Desloge, Mo.*, 647 F.3d 841, 849 (8th Cir. 2011) (quoting *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005)). Since the Court has found that the Detectives are entitled to summary judgment on Plaintiffs' Fourth Amendment claims, there can be no municipal liability stemming from their actions. The City and Buckner in his official capacity are entitled to summary judgment on Plaintiff's Fourth Amendment claims.

2. <u>Buckner in his individual capacity.</u>

Kenton Buckner was Chief of the Little Rock Police Department at the time of the search of 1903 S. Izard Street in 2017. He had final decision-making authority to create policies within the LRPD. Viewing the facts most favorable to Plaintiffs, Buckner had maintained an official policy that required LRPD officers to use the SWAT team to execute all search warrants when narcotics were involved; see April 7, 2014 internal memo referencing "a mandate from the Office of the Chief of Police that the SWAT team execute all search warrants." (Mem., ECF No. 44-1). In their arguments, Plaintiffs vigorously challenge the use of no-knock warrants by the LRPD. In

---

[2] Plaintiffs did not file a response to the City and Chief Buckner's motion for summary judgment. They did, however, file a response to the City and Chief Buckner's statement of undisputed facts. Therefore, the Court will analyze the claims which pertain to the statement of undisputed facts.

doing so, they incorrectly conflate the policy of utilization of the SWAT team with the execution of no-knock warrants. Plaintiffs point to no evidence that the use of no-knock warrants was part of the policy established by Buckner. Plaintiffs refer to the April 7, 2014 memo as the "no-knock mandate" but the memo does not mention no-knock warrants.

To determine Buckner's claim for qualified immunity, the Court must determine whether the policy to use SWAT teams to execute all narcotics warrants caused a Fourth Amendment violation and whether that violation was clearly established in March of 2017. Plaintiffs rely on *Richards v. Wisconsin*, 520 U.S. 385 (1997) to establish the bright line required in the second prong of the analysis. However, nothing in *Richards* forecloses a policy of using the assistance of a SWAT team to execute warrants in narcotics cases.

The Eighth Circuit has acknowledged that "[a]n officer's decision to authorize a SWAT team to execute a warrant can, in some cases, constitute a Fourth Amendment violation." *Z.J.*, 931 F.3d at 688 (citing *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1189–92 (10th Cir. 2001)). The court stated, "it is clear the decision to send a SWAT team into a residence must be reasonable." *Id.* at 688. However, the Eighth Circuit declined to decide whether the detectives' decision to utilize the SWAT team in *Z.J.* was reasonable. The court called it a "close question" as to whether there had been a constitutional violation under the facts of the case, but concluded that even if there was a violation, the law was not clearly established that "using a SWAT team to execute a [knock-and-announce] search warrant under these circumstances violated the Constitution." *Id.* Likewise, Plaintiff does not point to any law establishing that as of March of 2017 it was unreasonable to utilize a SWAT team in the execution of a no-knock warrant.

11

Therefore, without deciding if the existence of the policy was a constitutional violation, the Court finds that it was not clearly established that the policy violated the Fourth Amendment in March of 2017. Therefore, the Court finds that Buckner is entitled to qualified immunity.

Even if the Court accepted the conflation of no-knock warrants with the use of SWAT teams, the facts in *Richards* were that the investigating officers had applied for no-knock authorization in their warrant, that request was *rejected* by the magistrate, and the officers made a decision in the course of executing the warrant to enter without knocking and announcing their presence. The United States Supreme Court reversed the decision of the Wisconsin Supreme Court that "police officers are *never* required to knock and announce their presence when executing a search warrant in a felony drug investigation." *Id.* at 387-88. In the present case, Silas and Littleton applied for and *received* no-knock authorization from the Judge Lightle. Nothing in Buckner's policy mandated the use of no-knock entry in the execution of all warrants involving narcotics *without* having prior no-knock authorization from a judge.

## Conclusion

For these reasons, the motions for summary judgment filed by the Detectives (ECF No. 28) and the City and Buckner (ECF No. 24) are GRANTED. The Clerk is directed to close the case.

IT IS SO ORDERED this 28th day of February, 2024.

_____
James M. Moody Jr.
United States District Judge